IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-CV-10046-KMM

WALKER L. MORAN, JR.,

    Plaintiff,

vs.

PATRICK J. BALSIER, UNKNOWN SPOUSE
OF PATRICK J. BALSIER, and "JOHN DOE,"

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE

THIS CAUSE came before the Court upon Plaintiff's Motion to Strike Defendant's Affirmative Defenses and Reservation of Right to Amend to File Counterclaim ("Motion to Strike") (ECF No. 12).  Defendant filed a Response (ECF No. 17).  Plaintiff filed a Reply (ECF No. 18).  This Motion is now ripe for review.

UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

This matter was initiated when Plaintiff, Walker L. Moran, Jr., filed a Complaint on May 3, 2011, in the Sixteenth Judicial Circuit in Monroe County, Florida, alleging action to foreclose a mortgage (Count I), action on a promissory note (Count II), and breach of contract (Count III) against Defendants Patrick J. Balsier, his spouse, and any of Balsier's tenants (ECF No. 1-1).  On July 3, 2011, Defendant, Balsier, removed this action to federal court pursuant to 28 U.S.C. § 1441, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332 (ECF No. 1).  On June 7,

2011, Balsier filed an Answer, Affirmative Defenses, and Reservation of Right to Amend to File Counterclaim (ECF No. 4). On June 28, 2011, Moran filed his Motion to Strike.

## II.  STANDARD OF REVIEW

"[B]y its very definition, an affirmative defense is established only when the defendant admits facts contained in the complaint, but sets up other facts in justification or avoidance. Therefore, an affirmative defense which merely points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense at all." Boldstar Technical, LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) (citing Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005)).

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike is appropriately granted if an affirmative defense is insufficient as a matter of law on the face of the pleading." Doe ex rel. Doe v. Sch. Bd. for Santa Rosa Cnty., Fla., No. 3:08cv361/MCR/EMT, 2009 WL 3683576, at *2 (N.D. Fla. Oct. 30, 2009). "Affirmative defenses must comply with the pleading requirements of Fed. R. Civ. P. 8(a), that is, contain 'a short and plain statement' of the asserted defense." Cano v. S. Fla. Donuts, Inc., No. 09-81248-CIV, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). "The defense must allege some additional facts supporting the affirmative defense." Boldstar Technical, LLC, 517 F. Supp. 2d at 1291. Motions to strike under Rule 12(f), however, "are disfavored, and several courts have characterized such motions as time wasters." Holtzman v. B/E Aerospace, Inc., No. 07-80551, 2008 WL 2225668, at *1 (S.D. Fla. May 29, 2008) (internal quotation marks omitted). Courts generally deny such motions "unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." Ayers v.

2

Consol. Constr. Servs. of S.W. Fla., Inc., No. 2:07-CV-123, 2007 WL 4181910, at *1 (M.D. Fla. Nov. 26, 2007). "Striking a pleading . . . is a drastic remedy to be resorted to only when required for the purposes of justice." Exhibit Icons, LLC v. XP Cos., LLC, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009) (citing Augustus v. Bd. of Pub. Instruction, 306 F.2d 862, 868 (5th Cir. 1962)). Additionally, "[i]t is inappropriate to resolve disputed factual issues on a motion to strike." Healy v. RHS Cos., No. 6:06-cv-901-Orl-KRS, 2006 WL 3544741, at * 2 (M.D. Fla. Dec. 8, 2006) (quoting Augustus, 306 F.2d at 868).

## III.   ANALYSIS

### A.   Affirmative Defenses

Moran claims that the first five of the six affirmative defenses that Balsier has put forth in his Answer are insufficient as a matter of law, and moves the Court to strike those affirmative defenses. Balsier has pled the following affirmative defenses: (1) Moran fraudulently misrepresented that the subject property was not in violation of various governmental laws, rules, and regulations, but in fact the mobile home (located on the property) lacks a serial number and is an illegal structure; (2) Moran fraudulently misrepresented that the airplane runway closest to the property was seldom used, however it is used frequently, and noise from the runway materially affects the value of the property; (3) Moran fraudulently misrepresented that the property had an ocean view, but in fact mangroves obstruct the view of the ocean and materially affect the value of the property; (4) Moran fraudulently misrepresented that the property was exempt under the Residential Rate of Growth Ordinance ("ROGO") for Monroe County, Florida, and this misrepresentation materially affects the value of the property; and (5) Moran's breach of the Residential Purchase and Sale Agreement precluded Balsier from developing and/or utilizing the property as intended, and was the legal cause of significant damage.

Balsier's first through fifth affirmative defenses are appropriate.  The Court construes each affirmative defense statement to contain either an explicit or implicit acknowledgment on the part of Balsier of his failure to fulfill the obligation of his mortgage, and an accompanying justification for that failure.  Further, the affirmative defenses provide notice to Moran of the grounds upon which Balsier intends to defend the suit, and allow Moran to conduct discovery to address them.  See Boldstar, 517 F. Supp. 2d at 1291-92.

B.    Affirmative Defenses Alleging Fraud

Moran asserts the proposition that affirmative defenses alleging fraud or misrepresentation must meet the heightened pleading standard described in Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").  Neither party has presented the Court with binding precedent supporting or refuting this assertion.  However, regardless of whether binding precedent requires heightened pleading of affirmative defenses alleging fraud, a review of the affirmative defenses presented by Balsier shows that they in fact have been pled with heightened specificity.  To comply with Rule 9(b), a Party must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." Ambrosia Coal & Constr. Co. v. Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) (citing Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1379 (11th Cir. Fla. 1997)).  In all five affirmative defenses, Balsier asserts the way in which he relied upon Moran's misrepresentations to his detriment.  In the second, third and fourth affirmative defenses, Balsier points to Moran's fraudulent statements describing the property in January of 2005.  In the first through fourth affirmative defenses, Balsier points to specific misrepresentations by Moran that caused him to overpay for the property.  In each of his affirmative defenses, Balsier has met the

4

heightened burden of pleading required in Rule 9(b) by alleging with detail the way Moran fraudulently misrepresented facts regarding the property.

  C.  Defendant Balsier's Reservation of Right to Amend to File Counterclaim

Moran moves to strike Balsier's Reservation of Right to Amend to File Counterclaim as improper. Reservation of rights "is a nullity and surplusage as Defendants will still have to move for leave to amend to raise new defenses." See Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc., 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005). Pursuant to Federal Rule of Civil Procedure 15(a):

> (1) [A] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. . . . (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

Balsier's Reservation of Right to Amend to File Counterclaim is therefore improper, and is stricken.

  D.  Statute of Limitations

Moran asserts that Balsier's first through fifth affirmative defenses are time-barred by the Florida Statute of Limitations. Fla. Stat. § 95.11(3)(j). Florida precedent reflects that the Statute of Limitations is inapplicable in instances where claims appear as affirmative defenses. See Allie v. Ionata, 503 So. 2d 1237, 1239 (Fla. 1987) (finding that there is no statute of limitations for an affirmative defense in the nature of recoupment); see also Maynard v. Household Fin. Corp. III, 861 So. 2d 1204, 1207 (Fla. Dist. Ct. App. 2003).

5

### IV.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike (ECF No. 12) is GRANTED IN PART.

Defendant Balsier's pleading of a Reservation of Right to Amend to File Counterclaim is hereby STRICKEN.

Defendant Balsier is given Leave to Amend his Answer in accordance with this Order and must do so within ten (10) days of the issuance of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of August, 2011.

*/s/ K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record